# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 19, 2020

Lyle W. Cayce
Clerk

No. 19-10480
Summary Calendar

Levi Wooderts, Jr.,

*Plaintiff—Appellant*,

*versus*

United States of America,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CV-773

Before King, Smith, and Wilson, *Circuit Judges.*

Per Curiam:*

Levi Wooderts., Jr., federal prisoner #29639-077, proceeding *pro se* and *in forma pauperis*, filed a medical malpractice suit against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* He alleged that the federal prison's medical staff failed to provide

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

treatment for his diagnosed low testosterone, which had caused him weight gain, depression, lethargy, sleep problems, and pain.

State law controls the liability for medical malpractice under the FTCA. *Ayers v. United States*, 750 F.2d 449, 452 n.1 (5th Cir. 1985). Under Texas law, the plaintiff in a medical malpractice action must prove (1) the physician's duty to act according to an applicable standard of care, (2) a breach of the governing standard, (3) injury, and (4) causation. *Quijano v. United States*, 325 F.3d 564, 567 (5th Cir. 2003). Expert testimony is generally required to prove the applicable standard of care, breach, and causation. *Guile v. United States*, 422 F.3d 221, 225 (5th Cir.2005); *Quijano*, 325 F.3d at 567. An expert is not necessary where "the mode or form of treatment is a matter of common knowledge or is within the experience of the layman." *Hood v. Phillips*, 554 S.W.2d 160, 165-66 (Tex. 1977).

The district court granted summary judgment against Wooderts based on failure to designate an expert witness. We review a summary judgment *de novo*. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011).

Contrary to his argument that expert testimony was unnecessary in light of his diagnosed low testosterone and the refusal of the Bureau of Prisons to authorize the treatment recommended after that diagnosis, Wooderts was required to present expert testimony to establish the applicable standard of care. *Hood*, 554 S.W.2d at 165–66. Although the United States did not present an expert, Wooderts had the burden of establishing, through expert testimony, the appropriate standard of care and that a breach of that standard caused injury. *See Guile*, 422 F.3d at 225; *Quijano*, 325 F.3d at 567. Wooderts's *pro se* status does not excuse him from meeting his burden of presenting specific evidence to support his claims. *Outlie v. Luke & Assocs., Inc.*, 840 F.3d 212, 217 (5th Cir. 2016); *Duffie v. United States*, 600 F.3d 362, 371

(5th Cir. 2010). Despite Wooderts's contention that the district court should not have considered his refusals of treatment for other ailments, the court could consider, as support for the conclusion that expert testimony was needed, the suggestions by medical professionals that there were other causes for the symptoms that Wooderts attributed to his low testosterone. *See Guile*, 422 F.3d at 225.

Wooderts has not established that the district court erred in granting summary judgment, given the absence of expert evidence supporting his claims for relief. *See Nickell*, 636 F.3d at 754; *Quijano*, 325 F.3d at 567. The summary judgment is AFFIRMED. Wooderts's motion for appointment of counsel on appeal is DENIED.